# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

                Plaintiff-Respondent,

-against-

ANTHONY PICA,

                Defendant-Petitioner.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
08-CR-00559-1 (CBA)
16-CV-03211 (CBA)

**AMON, United States District Judge:**

## BACKGROUND

On April 20, 2010, Anthony Pica was convicted on four counts: Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (Count One), Attempted Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (Count Two), Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c) (Count Three), and Causing Death by Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(j) (Count Four). Pica was sentenced to 30 years' imprisonment, made up of concurrent 20-year terms on Counts One, Two, and Four, and a consecutive term of 10 years (the mandatory minimum) on Count Three.

Following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Pica filed this motion pursuant to 28 U.S.C. § 2255 seeking vacatur of his § 924(c) and § 924(j) convictions. (See D.E. ## 328, 330 ("Pet'r Br.").) On March 30, 2017, the parties moved on consent to stay the case pending the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018) and the Second Circuit's decision in United States v. Hill, 890 F.3d 51 (2d Cir. 2018). (D.E. # 335.) On October 9, 2019, pursuant to this Court's August 30, 2019 order, the parties submitted supplemental briefing based on Dimaya, Hill, and other recent developments in the relevant case law, including the Supreme Court's decision in United States v. Davis, 139 S.

1

Ct. 2319 (2019). (D.E. ## 347 ("Pet'r Supp. Br."), 348 ("Gov't Opp'n").) With leave from the Court, Pica submitted a pro se response to the Government's opposition on December 23, 2019. (D.E. # 358 ("Pica Pro Se Br.").)

The parties agree that after Davis, conspiracy to commit Hobbs Act robbery is no longer a crime of violence. (See Gov't Opp'n at 5 ("Davis thus appears to have abrogated the Second Circuit's holding in Barrett that the conduct-specific approach applies to Section 924(c)'s Residual Clause and implicitly appears to have abrogated the Second Circuit's alternative holding that, under a categorical approach, a conspiracy to commit a crime of violence is itself a crime of violence under the Residual Clause.").) They disagree, however, on whether attempt to commit Hobbs Act robbery is a crime of violence in light of Davis and subsequent Second Circuit case law. Between October 29, 2019 and February 12, 2020, the parties submitted letters notifying the Court of relevant district court decisions in this Circuit that have addressed that question. (See D.E. ## 351, 359, 360, 361, 364, 365.)

This Court now joins the other courts in this Circuit that have held that attempted Hobbs Act robbery is not a crime of violence. Because the Court holds that neither Count One nor Count Two is a crime of violence, Pica's motion to vacate his conviction on Counts Three and Four is GRANTED. Because his sentence for Count Three runs consecutively to his sentence on the other counts—such that vacating his conviction under Count Three would impact his overall prison sentence—Pica's request for a resentencing hearing is GRANTED.

## STANDARD OF REVIEW

"In general, federal prisoners who seek to collaterally attack the basis for imposing a sentence—including by challenging the underlying conviction—must move 'to vacate, set aside or correct the sentence' under 28 U.S.C. § 2255(a)." Dhinsa v. Krueger, 917 F.3d 70, 80–81 (2d

Case 1:11-cr-00912-JFK Document 335-1 Filed 06/09/20 Page 4 of 11
Case 1:06-cr-00559-CBA Document 378 Filed 03/17/20 Page 3 of 10 PageID #: 4289

Cir. 2019). Section 2255(a) allows a prisoner to "claim[] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## DISCUSSION

Pica seeks to vacate both his § 924(c) and § 924(j) convictions on the ground that both crimes must, as an essential element, have been committed "during and in relation to a crime of violence," 18 U.S.C. § 924(c)(1)(A), and that—following <u>Johnson</u> and <u>Davis</u>—neither conspiracy to commit Hobbs Act robbery nor attempted Hobbs Act robbery constitutes a crime of violence. (Pet'r Br. at 1–3; Pet'r Supp. Br. at 3–14.)[1] The Government agrees that conspiracy to commit Hobbs Act robbery is not a crime of violence, but argues that attempted Hobbs Act robbery is a crime of violence, sufficient to support Pica's convictions under Counts Three and Four. (Gov't Opp'n at 4–6.) For the reasons stated below, the Court agrees with Pica that attempted Hobbs Act robbery is not a crime of violence.

I. **Section 924(c) and Relevant Case Law**

Section 924(c) of Title 18 of the United States Code defines a crime of violence as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection (A) is often referred to as the "elements" clause, and subsection (B) is referred to as the "residual" clause. In 2018, the Second Circuit held in <u>United</u>

---

[1] Although he is represented, Pica submitted a supplemental <u>pro se</u> brief in which he argues that even if attempted Hobbs Act robbery is still a crime of violence after <u>Davis</u>, his conviction on Count Three could have been based solely on the Hobbs Act conspiracy charge and must therefore be vacated. (<u>See</u> Pica Pro Se Br.) Because the Court finds that attempted Hobbs Act robbery is not a crime of violence, it need not reach this issue.

States v. Hill that the completed offense of "Hobbs Act robbery is a crime of violence under" § 924(c)'s elements clause because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 890 F.3d at 53, 60 (quoting 18 U.S.C. § 924(c)(3)(A)). In finding that Hobbs Act robbery is a crime of violence, the Second Circuit applied the "categorical approach," by which "courts identify 'the minimum criminal conduct necessary for conviction under a particular statute'" as opposed to "'the particular [underlying] facts.'" Id. at 55 (alteration in original) (first quoting United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006); then quoting Descamps v. United States, 570 U.S. 254, 261 (2013)).

In 2019, the Supreme Court struck down § 924(c)'s residual clause as unconstitutionally vague. Davis, 139 S. Ct. at 2336. In Davis, the underlying count at issue was conspiracy to commit Hobbs Act robbery. See id. In a different case—also involving Hobbs Act conspiracy—remanded in light of Davis, the Second Circuit held that conspiracy to commit Hobbs Act robbery cannot serve as a predicate for a § 924(c) conviction because its classification as a "crime of violence" relied at least in part on the residual clause declared unconstitutional in Davis. See United States v. Barrett ("Barrett II"), 937 F.3d 126, 129 (2d Cir. 2019) ("We reasoned [in Barrett I] that where the elements of a conspiracy's object crime (here, Hobbs Act robbery) establish it as a categorical crime of violence under [the elements clause], the agreement element of a conspiracy categorically establishes the 'substantial risk' of violence under [the residual clause]."). The Second Circuit was explicit in Barrett II that Davis did not impact its holding in Hill—that "substantive Hobbs Act robbery . . . can be identified as a crime of violence under § 924(c)(3)(A) applying the traditional, elements only, categorical approach not at issue in Davis." Id. (emphasis in original) (citing Hill, 890 F.3d at 53, 60). The question relevant to Pica's petition is whether, like completed Hobbs Act robbery, attempted Hobbs Act robbery can be classified as a crime of violence under

4

the elements clause or whether, like its conspiracy analog, classifying attempted Hobbs Act robbery as a crime of violence requires reliance on the residual clause struck down in Davis. The Second Circuit has not yet opined on this question, and courts in this Circuit have come out both ways.

## II. Application to Attempted Hobbs Act Robbery

To support a conviction for attempted Hobbs Act robbery, "the government must prove that the defendant [1] had the intent to commit the crime and [2] engaged in conduct amounting to a 'substantial step' towards the commission of the crime." United States v. Acosta, 595 F. Supp. 2d 282, 291 (S.D.N.Y. 2009) (alterations in original) (internal quotation marks omitted) (quoting United States v. Douglas, 525 F.3d 225, 249 (2d Cir. 2008)). "A 'substantial step' is more than 'mere preparation,' but may stop well short of 'the last act necessary for the actual commission of the substantive crime.'" Id. (quoting United States v. Yousef, 327 F.3d 56, 134 (2d Cir. 2003)). The Second Circuit has held, for example, that "reconnoiter[ing] the place contemplated for the commission of the crime" is "sufficient as a matter of law to constitute a 'substantial step' if it strongly corroborate[s] [the] criminal purpose." United States v. Jackson, 560 F.2d 112, 120 (2d Cir. 1977).

Taking reconnoitering a potential crime scene as an example, it becomes apparent that the "minimum criminal conduct necessary for conviction," Hill, 890 F.3d at 55 (internal quotation marks omitted), for attempted Hobbs Act robbery does not "necessarily," United States v. Hendricks, 921 F.3d 320, 327 (2d Cir. 2019), involve the "use, attempted use, or threatened use" of physical force. First, reconnoitering a crime scene typically does not involve using any force. Second, reconnoitering can be done without attempting to use force. Although a hypothetical defendant may reconnoiter a potential crime scene with the intent to use physical force in the

5

eventual commission of the crime, the reconnoitering itself need not—and most likely would not—involve the <u>attempted</u> use of force. See Lofton v. United States, 16-cv-6324 MAT, 2020 WL 362348, at *7 (W.D.N.Y. Jan. 12, 2020) ("<u>Intending</u> to commit each element of a crime involving the use of force simply is not the same as <u>attempting</u> to commit each element of that crime." (emphasis in original) (quoting United States v. St. Hubert, 918 F.3d 1174, 1212 (11th Cir. 2019) (Pryor, Wilson, Martin, JJ., dissenting from denial of rehearing en banc))). Lastly, reconnoitering does not involve the <u>threatened</u> use of force. "[A] 'threat' means a 'communicated intent to inflict harm or loss on another,' or 'a declaration, express or implied, of an intent to inflict loss or pain on another.'" Austin v. United States, 280 F. Supp. 3d 567, 575–76 (S.D.N.Y. 2017) (quoting Black's Law Dictionary (10th ed. 2014); citing Tolan v. Cotton, 572 U.S. 650, 658 (2014)). Given that in most cases reconnoitering is done in secret, it cannot qualify as an act that necessarily involves the threatened use of force. Therefore, like conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery does not "have as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A).

In holding that attempted Hobbs Act robbery is not a crime of violence under the categorical analysis, this Court joins at least two other courts in this District. See United States v. Cheese, 18-cr-33-2 (NGG), 2020 WL 705217, at *3 (E.D.N.Y. Feb. 12, 2020) ("Because a defendant who takes a substantial step in furtherance of Hobbs Act robbery can do so without the use, threatened use, or attempted use of force, attempted Hobbs Act robbery cannot be a crime of violence under the categorical analysis."); United States v. Tucker, 18 CR 0119 (SJ), 2020 WL 93951, at *6 (E.D.N.Y. Jan. 8, 2020) (dismissing § 924(c) count because "given the broad spectrum of attempt liability, the elements of attempt to commit robbery could clearly be met without any use, attempted use, or threatened use of violence." (internal quotation marks omitted));

6

see also Lofton, 2020 WL 362348, at *9 ("Because attempted Hobbs Act robbery does not categorically entail the use, threatened use, or attempted use of force, the Court concludes that Lofton's conviction [for attempted Hobbs Act robbery] is not a crime of violence under § 924(c)(3)(A) [the elements clause] and cannot be a predicate for his § 924(c) conviction on Count VI.").

In its opposition brief, the Government cites to cases in support of its position that "an attempt to commit a crime of violence is itself an attempt to use physical force." (Gov't Opp'n at 5 (collecting cases).) For one thing, several of the cited cases pre-date Davis or are not binding on this Court. See, e.g., Hill v. United States, 877 F.3d 717, 719 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony."). In addition, more recent cases in this District have cast doubt on "[s]uch an absolute rule," noting that it "seems at odds with the requirements of the categorical analysis," and that that is "especially true given the 'wide[] . . . ambit of attempt liability,' under federal law." Tucker, 2020 WL 93951, at *6 (second alteration in original) (quoting United States v. Farhane, 634 F.3d 127, 146 (2d Cir. 2011)).

Other cases cited by the Government are distinguishable insofar as they were considering the question as it relates to attempt under New York law, which—in contrast to the "substantial step" framework under federal law—requires the defendant to "be so dangerously near [to] forcibly stealing property that in all reasonable probability she would have completed the robbery but for interference." United States v. Thrower, 914 F.3d 770, 776–77 (2d Cir. 2019) (internal quotation marks and citation omitted); see also United States v. Pereira-Gomez, 903 F.3d 155, 166 (2d Cir. 2018) (rejecting defendant's argument that attempted robbery can be committed without the use, threatened use, or attempted use of force as "misrepresent[ing] criminal attempt under

7

New York law[,]" which "requires that the action taken by the accused be so near to its accomplishment that in all reasonable probability the crime itself would have been committed, but for timely interference." (internal quotation marks omitted)). Because of those distinctions, these cases do not convince this Court that attempted Hobbs Act robbery is a crime of violence under the elements clause.

In supplemental letters, the Government has identified two cases in this District that have held that attempted Hobbs Act robbery is a crime of violence despite Davis. See United States v. Robinson, 16-CR-545 (ADS), 2019 WL 5864135, at *7 (E.D.N.Y. Nov. 8, 2019) ("[T]he Court is satisfied that the minimum conduct necessary to commit an attempted Hobbs Act robbery amounts to a crime of violence under the elements clause."); United States v. Jefferys, 18-CR-359-KAM, 2019 WL 5103822, at *8 (E.D.N.Y. Oct. 11, 2019) (holding that "attempted Hobbs Act robbery constitutes a crime of violence under § 924(c)'s elements clause" and as such "may sustain a § 924(c) charge"). In Jefferys, however, the court specifically noted that the defendant did not "actually apply the categorical approach, or Davis, to provide a jurisprudential basis for his argument," but rather "conclusorily assert[ed] without explication that 'it is possible to be guilty of an attempt to commit a Hobbs Act [r]obbery without using, threatening to use, or attempting to use force or violence,' and that the Second Circuit and other case law [including Davis] indicates that once the appropriate fact pattern is considered[,] an attempted Hobbs Act [r]obbery will no longer be considered a crime of violence for purposes of § 924(c).'" Jefferys, 2019 WL 5103822, at *6 (alterations in original); see also Tucker, 2020 WL 93951, at *6 (noting that "the Jeffreys [sic] court never applied the categorical analysis itself" and criticizing its "absolute rule" as "at odds with the requirements of the categorical analysis"). In contrast to Jefferys, Pica has briefed the categorical approach, explaining in great detail why the minimum conduct necessary to be

8

convicted of attempted Hobbs Act robbery does not satisfy § 924(c)'s elements clause. (See, e.g., Pet'r Supp. Br. at 3–9 ("As Pica's case illustrates . . . one can be guilty of attempted Hobbs Act robbery without intending—or thus attempting—to use force."); D.E. # 353 ("[S]urveilling a robbery target while intending to make only an empty threat of force is no 'attempted use' of force. It is an 'attempted threat of force.' And that is beyond the scope of § 924(c)(3)(A).").)

In Robinson, the court rejected the defendant's hypothetical—that a defendant could be convicted of attempted Hobbs Act robbery by "purchasing disguises or reconnoitering a location"—calling it "insufficient under the categorical approach, which looks to what an offense typically entails." Robinson, 2019 WL 5864135 at *6 (emphasis in original) (citing Davis, 139 S. Ct. at 2328–29). However, the part of Davis to which the Robinson court cites was discussing whether something is a crime of violence under the residual clause, not the elements clause, as is relevant to this inquiry. See Davis, 139 S. Ct. at 2329 (discussing the standard for § 924(c)(3)(B), the residual clause, as "what an offense normally—or, as we have repeatedly said 'ordinarily'—entails, not what happened to occur on one occasion." (quoting Dimaya, 138 S. Ct. at 1217)). To determine whether something is a crime of violence under the elements clause, courts look to whether "the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence." Hendricks, 921 F.3d at 327 (emphasis added) (internal quotation marks and citation omitted). As discussed above, the Court is satisfied with Pica's conclusion, and that of at least two other courts in this District, that the "minimum criminal conduct necessary for conviction" of attempted Hobbs Act robbery does not involve the use, attempted use, or threatened use of force.

## CONCLUSION

Because Counts One and Two are no longer "crimes of violence" sufficient to serve as

9

predicates for convictions under § 924(c) and § 924(j), Pica's motion to vacate his conviction on Counts Three and Four is GRANTED. Because Pica's sentence under Count Three runs consecutively to his sentence under Counts One, Two, and Four, such that vacating the conviction under Count Three could have an effect on the length of his overall sentence, Pica's request for a resentencing hearing is also GRANTED. This Court will hold a resentencing on May 28, 2020 at 10:00 A.M. at the U.S. District Court for the Eastern District of New York, Brooklyn, NY 11201, in Courtroom 10D South. Accordingly, the Probation Department is directed to file an updated Presentence Report by April 20, 2020. Counsel for Pica is directed to file any additional sentencing materials on Pica's behalf by April 27, 2020, and any response to those materials by the Government is due by May 4, 2020. Lastly, the Government is directed to prepare a writ of production for Pica in time for the appearance on May 28, 2020.

SO ORDERED.

Dated: March 17, 2020
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge