```
                                                USDC SDNY
                                                DOCUMENT
                                                ELECTRONICALLY FILED
                                                DOC #:
                                                DATE FILED: 10/1/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------- X
UNITED STATES OF AMERICA,        :
                                 :    No. 11 Cr. 912 (JFK)
        -against-                :    No. 15 Civ. 2222 (JFK)
                                 :
TYRIEK SKYFIELD,                 :            ORDER
                                 :
              Defendant.         :
------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

On June 11, 2020, the Court granted the Government's request to continue the stay of proceedings in this habeas action until the Second Circuit rules on two pending cases that involve the same question raised by Defendant Tyriek Skyfield's habeas petition: whether attempted Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). See United States v. McCoy, No. 17-3515 (argued Oct. 23, 2019); United States v. Collymore, No. 19-596 (argued June 1, 2020). Skyfield opposed the Government's request and argued that the Court should grant his petition because certain courts in this district and elsewhere have recently answered the question in the negative. See, e.g., United States v. Culbert, --- F. Supp. 3d ---, No. 19 Cr. 613 (BMC), 2020 WL 1849692, at *1 (E.D.N.Y. Apr. 13, 2020).

On September 14, 2020, the Government filed a letter once again requesting that the stay be continued because the Second Circuit has yet to decide McCoy or Collymore, and because a

1

third, fully-briefed appeal addressing the same issue is now also pending before the Second Circuit. See United States v. Morris, No. 16-6 (argued June 25, 2020). Once again, Skyfield opposes the Government's request and urges the Court to find that attempted Hobbs Act robbery is not a "crime of violence," which would invalidate Skyfield's sole count of conviction and result in his immediate release.

The Court is sympathetic to Skyfield's request: if he is in fact imprisoned on an unconstitutional conviction, such unlawful detention should not be prolonged in any way. However, as the Government correctly points out, numerous courts in this district and elsewhere—including circuit courts—have concluded that attempted Hobbs Act robbery is a "crime of violence" within the meaning of § 924(c)(3)(A). See, e.g., United States v. Dominguez, 954 F.3d 1251, 1261 (9th Cir. 2020); Crowder v. United States, No. 05 Cr. 67 (CM), 2019 WL 6170417, at *3 (S.D.N.Y. Nov. 20, 2019). And, important to the circumstances of this case, none of the decisions Skyfield cites involved a situation where the defendant's immediate release turned on the question. See Culbert, 2020 WL 1849692, at *5 (dismissing count in an indictment); United States v. Cheese, No. 18 Cr. 33 (NGG), 2020 WL 705217, at *6 (E.D.N.Y. Feb. 12, 2020) (same); United States v. Tucker, No. 18 Cr. 0119 (SJ), 2020 WL 93951, at *7 (E.D.N.Y. Jan. 8, 2020) (same); see also FNU LNU v. United

States, No. 06 Cr. 172 (LTS), 2020 WL 5237798, at *9 (S.D.N.Y. Sept. 2, 2020) (ordering resentencing on remaining counts of conviction); United States v. Pica, No. 08 Cr. 559 (CBA), Dkt. No. 378 (E.D.N.Y. Mar. 17, 2020) (same); Lofton v. United States, No. 04 Cr. 6063 (MAT), 2020 WL 362348, at *9 (W.D.N.Y. Jan. 22, 2020) (same).

Accordingly, principles of judicial economy continue to strongly favor continuing the stay of this action pending the Second Circuit's resolution of the issue. See, e.g., Wang v. United States, No. 13 Civ. 3524 (DLI), 2015 WL 1966465, at *2 (E.D.N.Y. Apr. 30, 2015). The Government's request, (ECF No. 349), is GRANTED.

It is FURTHER ORDERED that the parties are directed to immediately notify the Court upon resolution of McCoy, Collymore, and/or Morris. If the cases remain undecided after three months, the parties are directed to file a joint status update by no later than January 4, 2021.

**SO ORDERED.**

Dated:  New York, New York
        October 1, 2020

*[signature: John F. Keenan]*
John F. Keenan
United States District Judge