USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/11/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :     No. 11 Cr. 912 (JFK)
     -against-                      :     No. 15 Civ. 2222 (JFK)
                                    :     No. 16 Civ. 4700 (JFK)
TYRIEK SKYFIELD and PRINCE WAREHAM, :
                                    :        **OPINION & ORDER**
              Defendants.           :
------------------------------------X

APPEARANCES

FOR DEFENDANT TYRIEK SKYFIELD:
    Matthew B. Larsen
    FEDERAL DEFENDERS OF NEW YORK, INC.

FOR DEFENDANT PRINCE WAREHAM:
    Barry D. Leiwant
    FEDERAL DEFENDERS OF NEW YORK, INC.

FOR THE UNITED STATES OF AMERICA:
    Christopher J. DiMase
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court are motions by Defendants-Petitioners Tyriek Skyfield and Prince Wareham to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. For the reasons set forth below, both motions are DENIED.

   **I.  Background**

On January 8, 2013, Skyfield, Wareham, and seven others were charged with a series of federal offenses for their participation in a violent armed robbery crew that primarily targeted drug dealers in the Bronx, New York. As relevant here, Skyfield and Wareham were charged with one count of conspiracy to commit Hobbs

1

Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); one count of attempted Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 ("Count Five"); and one count of carrying and using a firearm during and in relation to the attempted Hobbs Act robbery charged in Count Five and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Count Six"). Counts Five and Six stemmed from Skyfield's, Wareham's, and others' home invasion and armed robbery of a suspected marijuana dealer in the Bronx in or about June 2010, during which one of Skyfield's and Wareham's accomplices discharged a handgun while attempting to forcibly enter the home.

On September 17, 2013, Skyfield and Wareham each pleaded guilty, pursuant to plea agreements, to Count Six. During Skyfield's plea allocution, he testified under oath that:

> DEFENDANT SKYFIELD: In June of 2010 I purchased—
> THE COURT: Little slower.
> DEFENDANT SKYFIELD: In June—
> THE COURT: June 2010, go ahead.
> DEFENDANT SKYFIELD: I participated in a robbery in the Bronx. During and in furtherance of the robbery a handgun was fired.
> THE COURT: Okay. Did you know it was wrong to participate in a robbery?
> DEFENDANT SKYFIELD: Yeah, I knew it was wrong.

(Joint Plea Tr. at 21:15-24, ECF No. 122.) At that same hearing, Wareham testified under oath that:

> DEFENDANT WAREHAM: In June 2010—

2

>THE COURT: Little louder.
>DEFENDANT WAREHAM: In June 2010, I agreed with others to attempt to rob a marijuana dealer. During the attempt one of the other participants brandished a handgun.
>THE COURT: And was that up in the Bronx?
>DEFENDANT WAREHAM: Yes.
>THE COURT: And you knew it was wrong, is that right, to participate in that?
>DEFENDANT WAREHAM: Yes, your Honor.

(Id. at 25:9-18.)

On January 30, 2014, the Court sentenced Skyfield to a 120-month term of incarceration—the mandatory minimum applicable to his offense and the stipulated Guidelines sentence set forth in Skyfield's plea agreement to which the parties agreed would constitute a reasonable sentence, see Ex. B to Gov't's Opp'n, ECF No. 226, at ECF Pages 35-36—to be followed by three years of supervised release, and granted the Government's motion to dismiss all remaining open counts against Skyfield, including Counts One and Five. (Skyfield's Sent. Tr. at 5:23-7:14; 11:19-23, ECF No. 156.) Later that same day, the Court sentenced Wareham to an 84-month term of incarceration—the mandatory minimum applicable to him—also to be followed by three years' supervised release and, as with Skyfield, granted the Government's motion to dismiss all remaining open counts, including Counts One and Five. (Wareham's Sent. Tr. at 7:5-24; 10:1-4, ECF No. 154.) Neither Skyfield nor Wareham appealed his conviction or sentence.

### A. Skyfield's Habeas Petition

On March 13, 2015, Skyfield filed a pro se motion to vacate his conviction for ineffective assistance of counsel. (ECF No. 202.) The Court ordered Skyfield's trial counsel to provide sworn testimony and set a briefing schedule for Skyfield's motion. (ECF No. 205.) On June 2, 2015, Skyfield's trial counsel filed the requested affidavit, and on June 12, 2015, the Government opposed Skyfield's petition as substantively meritless under Strickland v. Washington, 466 U.S. 668 (1984) (setting forth a two-part inquiry for claims of ineffective assistance of counsel). (ECF Nos. 220, 226.)

Following a pro se letter request by Skyfield, on April 20, 2016, the Court appointed the Federal Defenders of New York, Inc. to examine whether Skyfield qualified for habeas relief in light of Johnson v. United States, 576 U.S. 591 (2015), which held the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to be unconstitutionally vague. (ECF No. 255.) On June 22, 2016, the Court granted Skyfield's subsequent motion (through his appointed counsel) to amend his habeas petition to include claims arising under Johnson, and on October 26, 2017, it granted Skyfield's subsequent request to stay consideration of his habeas petition pending the disposition of certain appellate-level cases examining the constitutionality of § 924(c). (ECF Nos. 275, 303.)

On June 3, 2020, the Court ordered the Government to explain whether the stay should be lifted. (ECF No. 327.) Six days later, Skyfield (through his appointed counsel) filed a memorandum of law arguing that his conviction and sentence should be vacated because attempted Hobbs Act robbery cannot be deemed a "crime of violence" following the Supreme Court's decision in United States v. Davis, --- U.S. ---, 139 S. Ct. 2319 (2019), which ruled that the residual clause of § 924(c) was unconstitutionally vague. On June 9, 2020, the Government requested the stay be continued to allow the Second Circuit the opportunity to decide two fully briefed and argued appeals which raised the question of whether attempted Hobbs Act robbery constitutes a crime of violence under § 924(c). (ECF No. 337.) Skyfield opposed the Government's request. (ECF No. 338.)

On June 11, 2020, October 1, 2020, and again on October 27, 2020, the Court granted the Government's requests to continue the stay and deferred deciding Skyfield's request to vacate his sole count of conviction—which would result in his immediate release—because principles of judicial economy strongly favored allowing the Second Circuit to first resolve whether attempted Hobbs Act robbery constitutes a crime of violence under § 924(c). (ECF Nos. 339, 352, 359.) On April 22, 2021, the Second Circuit did just that, issuing United States v. McCoy, --- F.3d ---, No. 17-3515, 2021 WL 1567745, at *20 (2d Cir. Apr. 22, 2021), which held

5

that "Hobbs Act attempted robbery qualifies as a crime of violence under § 924(c)." Three days later, Skyfield (again through his appointed counsel) filed a letter requesting the Court continue the stay because a circuit spit exists on the question of whether attempted Hobbs Act robbery is a crime of violence under § 924(c) and the United States Supreme Court has yet to weigh in on the issue. (ECF No. 374.)

### B. Wareham's Habeas Petition

On June 14 and June 20, 2016, respectively, around the time the Court appointed counsel for Skyfield, the Federal Defenders entered a notice of appearance on Wareham's behalf and filed a placeholder habeas petition challenging his § 924(c) conviction and sentence in light of Johnson. (ECF Nos. 268, 271.) As with Skyfield, and consistent with Chief Judge McMahon's standing order, In re Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc. 217 (S.D.N.Y. Jun. 8, 2016), the Court stayed consideration of Wareham's newly-filed habeas petition pending the disposition of certain appellate-level cases considering the constitutionality of § 924(c). (ECF No. 309.)

Similar to Skyfield, on June 3, 2020, the Court ordered the Government to explain whether the stay of Wareham's petition also should be lifted. (ECF No. 328.) On June 9, 2020, and again on October 1, 2020, the Court granted the Government's unopposed

6

requests to continue the stay of Wareham's habeas petition to allow the Second Circuit the opportunity to first decide whether attempted Hobbs Act robbery constitutes a crime of violence under § 924(c). (ECF Nos. 333, 353.) As discussed above, on April 22, 2021, the Second Circuit issued McCoy, holding attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c).

**II. Discussion**

    **A. Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Skyfield and Wareham both argue that their § 924(c) convictions must be vacated because attempted Hobbs Act robbery cannot serve as a predicate "crime of violence" under the statute. Skyfield's petition also includes his earlier filed pro se motion which argued that he received ineffective assistance of counsel in connection with his guilty plea, and which the Court will construe liberally and "read 'to raise the strongest arguments that [it] suggest[s].'" Green v. United States, 260

F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Each ground for relief is discussed in turn below.

### B. Attempted Hobbs Act Robbery

18 U.S.C. § 924(c) imposes a mandatory, consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). As relevant here, § 924(c)'s so-called "elements clause" or "force clause" defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). As discussed above, on April 22, 2021, the Second Circuit ruled that:

> Hobbs Act attempted robbery qualifies as a crime of violence under § 924(c) because an attempt to commit Hobbs Act robbery using force necessarily involves the "attempted use . . . of force" under § 924(c)(3)(A), and because, even though a conviction for an inchoate attempt to threaten is theoretically possible, [the defendants] have not shown that there is a "realistic probability" that the statute will be applied in such a manner.

McCoy, --- F.3d at ---, 2021 WL 1567745, at *20 (citing Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)).

Skyfield's subsequent letter on April 25, 2021, ECF No. 374, acknowledges that McCoy decided the question at the heart of his § 924(c) challenge against him, but it requests the Court refrain

8

from deciding his petition at this time because the Fourth Circuit has come to the opposite conclusion—i.e., that attempted Hobbs Act robbery is not categorically a crime of violence, see United States v. Taylor, 979 F.3d 203, 210 (4th Cir. 2020)—and because the Government has petitioned the Supreme Court to resolve the issue, see id., petition for cert. filed, --- U.S.L.W. --- (U.S. Apr. 16, 2021) (No. 20-1459). The Government does not oppose Skyfield's request.[1]

Notwithstanding the Government's nonobjection to continuing the stay, the Court will not allow it nor delay any longer deciding Skyfield's and Wareham's petitions because their § 924(c) challenges are ripe for decision now. As explained above, the Second Circuit has now considered and concluded that attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c). See McCoy, --- F.3d at ---, 2021 WL 1567745, at *20. Accordingly, Skyfield's and Wareham's petitions for habeas relief under Johnson and its progeny are denied. See id.; see also id. at *21 (explaining that "§ 924(c) convictions, based on

---

[1] On May 3, 2021, Skyfield filed a letter in further support of his request to continue the stay in which he attached an order of the Second Circuit that granted a defendant's unopposed motion to continue holding briefing of a § 924(c) attempted Hobbs Act robbery challenge in abeyance pending the Supreme Court's review of United States v. Taylor. (ECF No. 375.) Unlike that case, however, which involves an appeal by the Government of a district court's finding that attempted Hobbs Act robbery is not a crime of violence, here, briefing on the issue is substantially complete and the Court need not prolong deciding Skyfield's and Wareham's habeas petitions in light of the Second Circuit's clear ruling in United States v. McCoy.

9

[defendants'] guilt as aiders and abetters of the violent crimes of Hobbs Act robbery and attempted robbery, are not error, much less plain error"); Parkes v. United States, No. 03 Cr. 01364 (LAK), 2021 WL 1700375, at *1 (S.D.N.Y. Apr. 28, 2021) (denying habeas relief in light of McCoy). If, however, the law of this Circuit changes with respect to whether attempted Hobbs Act robbery can serve as a predicate offense for a conviction under § 924(c), Skyfield and Wareham may seek reconsideration of this Order at that time.

### C. Ineffective Assistance of Counsel

Prior to raising his § 924(c) challenge, Skyfield's original habeas petition argued that his conviction should be vacated because his trial counsel failed to correctly assess the facts, laws, and circumstances of Skyfield's case, and failed to offer him an informed and legally correct opinion regarding the Government's plea offer. As a result, Skyfield asserts, he admitted guilt to a crime to which he was not guilty. The Government opposed Skyfield's pro se habeas petition soon after it was filed (and before his subsequent § 924(c) challenge) arguing that Skyfield's counsel's representation was not constitutionally deficient and, even if it was, Skyfield did not suffer any prejudice as a result. The Court agrees with the Government.

10

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 566 U.S. 156, 168 (2012). "To allege a successful ineffective assistance of counsel claim a defendant must show that: (1) counsel's performance was unreasonably deficient under prevailing professional standards, and, (2) but for counsel's unprofessional errors, there exists a reasonable probability that the result would have been different"—i.e., "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." United States v. Torres, 129 F.3d 710, 716 (2d Cir. 1997) (citing Strickland, 466 U.S. at 687, 694); Hill v. Lockhart, 474 U.S. 52, 59 (1985). Skyfield's motion does not satisfy either prong.

First, Skyfield does not demonstrate that his counsel's advice was unreasonably deficient. Construing Skyfield's submission to make the strongest arguments it suggests, Skyfield asserts that his counsel should not have allowed him to plead guilty to a charge of attempted robbery during which a firearm was discharged because Skyfield, personally, did not discharge the firearm. This argument is without merit because Skyfield's conviction is also predicated on his aiding and abetting the relevant attempted robbery during which a firearm was discharged.

Accordingly, the fact that Skyfield did not personally discharge the firearm is of no consequence.

In the alternative, and once again construing Skyfield's submission to make the strongest arguments it suggests, Skyfield asserts that his counsel erred in allowing him to plead guilty to a charge of aiding and abetting the above attempted robbery because his counsel failed to investigate the facts, circumstances, and laws of Skyfield's case, which would have revealed that Skyfield did not have "advance knowledge that a confederate would use or carry a gun during the crime's commission," as required by Rosemond v. United States, 572 U.S. 65, 67 (2014). Once again, Skyfield's argument is without merit because his post hoc assertions are contradicted by (1) Skyfield's position as the person with superior knowledge of the facts and circumstances of his case; and (2) his counsel's sworn statement which explains that:

> Skyfield and I discussed the elements of a 924(c) charge that included the discharge of a weapon. On many occasions we discussed the fact that if a weapon is discharged during a robbery, and such discharge was reasonably foreseeable to a participant, that the particular participant in the robbery is liable for the discharge of the weapon even though another participant actually fired the weapon. Skyfield expressed to me that he understood that concept.

(Aff. of Sanford N. Talkin ¶ 10, ECF No. 220.)

Here, Skyfield, himself, is the one who would have known if it was not reasonably foreseeable or if he did not have advance

knowledge that his confederate would bring a gun to the attempted robbery. Only now does Skyfield assert that he did not have such knowledge—but this is not sufficient to demonstrate unreasonably deficient performance by his counsel where Skyfield's counsel explained the law in language Skyfield could understand, and where Skyfield's post-conviction assertions are wholly inconsistent with (1) Skyfield's plea, during which he agreed that he told his counsel everything he knew about the case and did not hold anything back from his counsel, Plea Tr. at 7:16–20; and (2) Skyfield's Presentence Investigation Report ("PSR"), to which Skyfield did not object, Sent. Tr. at 2:13–18, which described Skyfield's "participat[ion] in a conspiracy to commit armed robberies," PSR ¶ 16 (emphasis added), as well as a second, substantive armed robbery by Skyfield and the same confederate, during which Skyfield and the confederate both employed handguns, id. ¶¶ 17–19. "An attorney is required to do no more than 'inform a competent client of the law in a language and manner he can understand . . . there is no duty for an attorney to insure that his client understands all that he is told.'" United States v. Delgado, No. 96 Cr. 126 (JFK), 2018 WL 895615, at *4 (S.D.N.Y. Feb. 13, 2018) (quoting Martinez v. Capra, No. 13 Civ. 3657 (RA), 2016 WL 127587, at *4 (S.D.N.Y. Jan. 11, 2016), aff'd, 675 F. App'x 46 (2d Cir. 2017)).

Second, Skyfield's conclusory allegations regarding his counsel's purported failure to explain the elements of the crime to which he pleaded guilty are directly contradicted by Skyfield's counsel's affidavit and Skyfield's own sworn statements to the contrary during his plea, see Plea Tr. at 7:9–20 (Skyfield agreeing that he had reviewed the Indictment with his counsel; his counsel explained to him the charges and he fully understood the charges; and Skyfield had told his counsel everything he knew about the case); 11:7–12:3 (Skyfield agreeing that he reviewed the plea agreement with his counsel and did not have any questions about it); 15:4–7 (Skyfield agreeing that he was pleading guilty because in truth and in fact he was guilty); 15:24–16:4, 19:25–21:3 (Skyfield agreeing that he signed the plea agreement and offered to plead guilty of his own free will; he had not been induced to offer to plead guilty by reason of any promise, fear, pressure, or threat; and Skyfield agreeing that he was satisfied with the representation his counsel had given him). Accord United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (explaining that a district court may rely upon a defendant's sworn statements, made in open court, in finding that a defendant has not shown deficient performance by his attorney). Further, before now, Skyfield never once complained about the assistance he received from his attorney, contested any of the facts in his PSR, or suggested that he had been misled by his

counsel into entering his plea—to the contrary, as recounted above, Skyfield made clear that he fully understood the charges against him and the terms of his plea agreement, and he expressed satisfaction with his counsel's performance.

Finally, even if Skyfield did demonstrate that his counsel's representation fell below an objective standard of reasonableness, he fails to show, as he must, "that there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 60; see also Lafler, 566 U.S. at 163. Here, Skyfield's petition does not even assert that he would have insisted on going to trial—which makes sense because Skyfield's counsel's sworn statement explains that Skyfield "informed me that he did not want to take the case to trial." Accordingly, Skyfield's petition fails to demonstrate ineffective assistance of counsel, and his request for habeas relief must be denied. See Hill, 474 U.S. at 60; see also Marston v. United States, No. 17 Cr. 298 (JGK), 2020 WL 6701014, at *5 (S.D.N.Y. Nov. 13, 2020) (denying habeas relief where petitioner failed to allege a reasonable probability that he would have proceeded to trial).

### III. Conclusion

For the reasons set forth above, Defendants-Petitioners Tyriek Skyfield and Prince Wareham's motions to vacate, set aside, or correct their sentences are DENIED.

15

The Court declines to issue a certificate of appealability because neither Skyfield nor Wareham have made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. White, No. 16 Cr. 82 (VEC), 2020 WL 5898680, at *6 (S.D.N.Y. Oct. 5, 2020) (denying habeas relief to petitioners challenging § 924(c) convictions). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order by Skyfield or Wareham would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). That being said, however, should the law of this Circuit change with respect to whether attempted Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c), Skyfield and Wareham may move for reconsideration of this Order at that time.

The Clerk of Court is directed to terminate the motions docketed at ECF Nos. 202, 271, 365, and 374 in criminal case 11 Cr. 912 (JFK) and close civil cases 15 Civ. 2222 (JFK) and 16 Civ. 4700 (JFK).

**SO ORDERED.**

Dated:  New York, New York
        May 11, 2021

　　　　　　　　　　　　　　　　　　　　／s／ John F. Keenan
　　　　　　　　　　　　　　　　　　　　John F. Keenan
　　　　　　　　　　　　　　　　　　　　United States District Judge